UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INDEPENDENCE FEDERAL SAVINGS BANK<br><br>Plaintiff,<br><br>v.<br><br>1225 CONNECTICUT CO. LLC<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:   Case No. 07-cv-1389 (JDB)<br>:<br>:<br>:<br>:<br>: |

### ANSWER TO FIRST AMENDED COMPLAINT

COMES NOW THE DEFENDANT, 1225 CONNECTICUT CO. LLC ("1225"), by counsel, and hereby files its Answer (the "Answer") to the First Amended Complaint (the "Complaint"). In support of its Answer, 1225 states as follows:

#### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

#### SECOND DEFENSE

The Plaintiff has waived, released or is otherwise estopped from asserting the claims alleged in the Complaint.

#### THIRD DEFENSE

To the extent that the Complaint seeks equitable relief, the Plaintiff's claims are barred in whole or in part by the doctrine of "unclean hands."

#### FOURTH DEFENSE

Plaintiff has suffered no damages, or, in the alternative, if in fact Plaintiff has sustained any damages, Plaintiff has failed to mitigate those damages.

319262\1

## FIFTH DEFENSE

1225 denies any and all allegations set forth in the Complaint to the extent that 1225 does not specifically respond to those allegations elsewhere in this Answer.

## SIXTH DEFENSE

To the extent Plaintiff seeks injunctive relief, Plaintiff has an adequate remedy available at law.

## SEVENTH DEFENSE

To the extent Plaintiff seeks injunctive relief, Plaintiff cannot demonstrate any irreparable injury.

## EIGHTH DEFENSE

Plaintiff's claims are barred by the terms of Plaintiff's lease.

## NINTH DEFENSE

In response to the specifically-enumerated allegations set forth in the Complaint, 1225 states as follows:

1. The allegations set forth in Paragraph 1 of the Complaint state legal conclusions for which no responses are required.

2. The allegations set forth in Paragraph 2 of the Complaint state legal conclusions for which no responses are required.

3. 1225 is without sufficient information to admit or deny the allegations contained within Paragraph 3 of the Complaint, but if the same proves material to its interests, 1225 demands strict proof thereof.

4. 1225 admits the allegations set forth in Paragraph 4 of the Complaint.

5. 1225 is without sufficient information to admit or deny the allegations contained within Paragraph 5 of the Complaint. By way of further Answer, 1225 relies upon the terms of the referenced document and not the characterization thereof by Plaintiff.

6. In response to the allegations contained within Paragraph 6 of the Complaint, 1225 relies upon the terms of the referenced document and not the characterization thereof by Plaintiff.

7. In response to the allegations contained within Paragraph 7 of the Complaint, 1225 relies upon the terms of the referenced document and not the characterization thereof by Plaintiff.

8. 1225 is without sufficient information to admit or deny the allegations contained within Paragraph 8 of the Complaint. By way of further Answer, 1225 relies upon the terms of the referenced document and not the characterization thereof by Plaintiff.

9. In response to the allegations contained within Paragraph 9 of the Complaint, 1225 relies upon the terms of the referenced document and not the characterization thereof by Plaintiff.

10. In response to the allegations contained within Paragraph 10 of the Complaint, 1225 relies upon the terms of the referenced document and not the characterization thereof by Plaintiff.

11. In response to the allegations contained within Paragraph 11 of the Complaint, 1225 relies upon the terms of the referenced document and not the characterization thereof by Plaintiff.

12. In response to the allegations contained within Paragraph 12 of the Complaint, 1225 relies upon the terms of the referenced document and not the characterization thereof by Plaintiff.

13. In response to the allegations contained within Paragraph 13 of the Complaint, 1225 relies upon the terms of the referenced document and not the characterization thereof by Plaintiff.

14. In response to the allegations contained within Paragraph 14 of the Complaint, 1225 relies upon the terms of the referenced document and not the characterization thereof by Plaintiff.

15. In response to the allegations contained within Paragraph 15 of the Complaint, 1225 relies upon the terms of the referenced document and not the characterization thereof by Plaintiff.

16. 1225 admits the allegations contained within Paragraph 16 of the Complaint.

17. In response to the allegations contained within in the first sentence of Paragraph 17 of the Complaint, 1225 admits that a meeting between Mr. Robert Isard and Ms. Christine V. Olfus-Campus occurred in April 2007.  In responses to the allegations contained within the second, third and fourth sentences of Paragraph 17 of the Complaint, 1225 admits that a letter was delivered to Plaintiff, but 1225 relies upon the terms of the referenced document and not the characterization thereof by Plaintiff.  In response to the allegations contained within the fifth sentence of Paragraph 17 of the Complaint, 1225 is without sufficient information to admit or deny the allegations contained within the fifth sentence of Paragraph 17 of the Complaint.

18. In response to the allegations contained within the first sentence of Paragraph 18 of the Complaint, 1225 admits that a meeting occurred on or about June 12, 2007.  1225 admits

the allegations contained in the second sentence of Paragraph 18 of the Complaint. 1225 denies the allegations set forth in the third sentence of Paragraph 18 of the Complaint and demands strict proof thereof. 1225 admits the allegations contained within the fourth sentence of Paragraph 18 of the Complain. 1225 admits the allegations contained in the fifth sentence of Paragraph 18 of the Complaint.

19.   In response to the allegations contained within the first sentence of Paragraph 19 of the Complaint, 1225 admits that a memo was delivered to the tenants of the Building. By way of further Answer, 1225 relies upon the terms of the referenced document and not the characterization thereof by Plaintiff. 1225 is without sufficient information to admit or deny the allegations contained within the third sentence of Paragraph 19 of the Complaint.

20.   In response to the allegations contained within the first sentence of Paragraph 20 of the Complaint, 1225 relies upon the terms of the referenced document and not the characterization thereof by Plaintiff.

21.   In response to the allegations set forth in Paragraph 21 of the Complaint, 1225 relies upon the terms of the referenced document and not the characterization thereof by Plaintiff.

22.   In response to the allegations contained within the first sentence of Paragraph 22 of the Complaint, 1225 admits that a letter was sent to Plaintiff on July 25, 2007. In response to the allegations set forth in the second and third sentences of Paragraph 22 of the Complaint, 1225 relies upon the terms of the referenced document and not the characterization thereof by Plaintiff. 1225 admits the allegations contained within the fourth sentence of Paragraph 22 of the Complaint.

23.     1225 is without sufficient information to admit or deny the allegations contained within the first sentence of Paragraph 23 of the Complaint.  1225 denies the allegations contained within the second sentence of Paragraph 23 of the Complaint and demands strict proof thereof. 1225 is without sufficient information to admit or deny the allegations contained within the third, fourth and fifth sentences of Paragraph 23 of the Complaint.

COUNT I
(BREACH OF CONTRACT)

24.     1225 hereby incorporates its responses to the allegations contained within Paragraphs 1 through 23 of the Complaint as if set forth fully herein.

25.     The allegations contained within Paragraph 25 of the Complaint contain a legal conclusion to which no response is required.

26.     1225 denies the allegations contained in Paragraph 26 of the Complaint and demands strict proof thereof.

27.     The allegations contained within the first sentence of Paragraph 27 of the Complaint are denied and demands strict proof thereof.  In response to the allegations contained in the second sentence of Paragraph 27 of the Complaint, 1225 relies upon the terms of the referenced document and not the characterization thereof by Plaintiff.

28.     1225 denies the allegations contained in Paragraph 28 of the Complaint and demands strict proof thereof.

29.     1225 denies the allegations contained in Paragraph 29 of the Complaint and demands strict proof thereof.

30.     1225 denies the allegations contained in Paragraph 30 of the Complaint and demands strict proof thereof.

## COUNT II
### (VIOLATION OF IMPLIED COVENANT OF QUIET ENJOYMENT)

31. 1225 hereby incorporates its responses to the allegations contained within Paragraphs 1 through 30 of the Complaint as if set forth fully herein.

32. The allegations contained within Paragraph 32 of the Complaint contain a legal conclusion to which no response is required.

33. 1225 denies the allegations contained in Paragraph 33 of the Complaint and demands strict proof thereof

34. 1225 denies the allegations contained in Paragraph 34 of the Complaint and demands strict proof thereof.

WHEREFORE, DEFENDANT 1225 CONNECTICUT CO. LLC respectfully requests this Honorable Court enter judgment against the Plaintiff and in favor of 1225 on all claims, dismiss Plaintiff's Complaint with prejudice, award 1225 its attorney's fees and costs incurred herein (to the extent allowed by law), and grant such other and further relief as the Court deems proper.

                                    Respectfully submitted,

                                    GREENSTEIN DELORME & LUCHS, P.C.

                                    /S/ Joshua M. Greenberg

Dated: August 21, 2007          Richard W. Luchs, 243931
                                    William C. Casano, 352492
                                    Joshua M. Greenberg, 489323
                                    1620 L Street, N.W.
                                    Suite 900
                                    Washington, DC 20036-5605
                                    Telephone: (202) 452-1400
                                    E-mail: rwl@gdllaw.com
                                    Email:  wcc@gdllaw.com
                                    E-mail:  jmg@gdllaw.com

                                    Counsel for Defendant
                                    1225 Connecticut Co. LLC

319262\1